# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CSK
F.#2005R00279

One Pierrepont Plaza
Brooklyn, New York 11201

Mailing Address:   147 Pierrepont Street
Brooklyn, New York 11201

May 11, 2011

<u>**BY HAND DELIVERY**</u>

Paul Schectman, Esq.
Nathaniel Marmur, Esq.
Stillman & Friedman, P.C.
Counsel for Chaim Mayer Lebovits
425 Park Avenue
21st Floor
New York, N.Y. 10022
212-223-0200

Susan Necheles, Esq.
Hafetz Necheles & Rocco
Counsel for Moses Neuman
500 Fifth Avenue, 29th Floor
New York, N.Y. 10110
212-997-7595

David Spears
Spears and Imes LLP
Counsel for Yudah Neuman
51 Madison Avenue
New York, N.Y. 10010

Jacob Laufer, Esq.
Counsel for Avigdor Gutwein
65 Broadway, Suite 1005
New York, N.Y. 10006
212-422-8500

Harry Batchelder, Esq.
Counsel for Leo Fekete
40 Wall Street
28th Floor
New York, N.Y. 10005

2

James Druker, Esq.
Kase & Druker
Counsel for Edward Grodsky
1325 Franklin Avenue
Suite 225
Garden City, N.Y. 11530

   Re: United States v. Chaim Mayer Lebovits, et. al.
     Criminl Docket No. 11-134 (SJ)

Dear Counsel:

   The government writes pursuant to Rule 16 of the Federal
Rules of Criminal Procedure and in response to the defendants'
letters of March 22, 2011 and March 23, 2011 seeking,
respectively, discovery (the "Discovery Letter") and a bill of
particulars (the "BOP Letter").  The government, via this letter,
is making available for discovery to each of the defendants the
following three categories of materials (the "New Discovery"):
(1) two disks labeled, respectively, as "Scan I" and "Scan II,"
consisting of bates stamped and scanned paper documents; (2) 24
disks, labeled respectively, as Disks 28-51[1] (the "New Disks"),
containing electronically reproduced material, including audio or
visual material; and (3) exhibits A through F to this letter.
Categories "1" and "3" are enclosed herein.  You may obtain
copies of the materials in Category "2," namely New Disks 28-51,
by purchasing them from the government contractor to whom these
materials have been provided.[2]  Tell the Contractor that you wish
to purchase the disks in Order # 60021. The Contractor is:

     First Choice Copy
     52-08 Grand Avenue
     2nd Floor
     Maspeth, New York 11378
     (718) 381-8560
     Contact Person: Theo Lewis

   The New Discovery materials contained in Categories 1-3
will be more fully described below.  The New Discovery

---

  [1]  In actuality, each disk is physically labeled with a
symbol that adds the suffix "-001" to the disk's number.  So for
example, Disk 28 is labeled with the name "Disk 28-001."

  [2]  The undersigned has been advised by this Office's
Administrative Division that that is the only way that this
Office may make these materials available during discovery.

3

supplements the discovery that was produced to the defendants on April 12, 2011, which consisted of 23 disks that were labeled as Disks 1, 1A and 7 through 27 (referred to, collectively, as the "Original Discovery," and, individually, as, for example, "Original Disk 7").

I. <u>Discovery</u>

A. <u>The Government's Discovery</u>

The government, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, provides the New Discovery, which is listed above.  While, in the Discovery Letter, the defendants request a number of items that go beyond, or are set forth in terms that differ from the government's discovery obligations as set forth under Rule 16, the government declines to produce any items that it is not required to produce by Rule 16 (except to the extent that such items are among the items  that the government is producing via this letter) and declines to respond to discovery demands except to the extent that they are set forth in the terms used in Rule 16.  We provide our Rule 16 responses below, responding by Rule 16 category.

Scan I and Scan II repeat and continue the bates numbering system that was used in the Original Discovery.  In particular, each disk in the Original Discovery that contained scanned paper documents, namely Original Disks 1 and 1A, consist of individually bates stamped pages.  Scan I and Scan II contain each page, with the original bates stamp number, that is found on Original Disks 1 and 1A, as well as a good deal of newly scanned pages bearing new bates numbers.  Thus, since the contents of Original Disks 1 and 1A are duplicated on Scan I and Scan II, you do not have to use Original Disks 1 and 1A any further, unless you choose to continue to use them.

The other Original Disks, namely Original Disks 7 through 27, contain electronically reproduced material that is not bates stamped, such as audio or visual material.  Original Disks 7-27 are not duplicated on any of the disks that are part of the New Discovery.  Electronically reproduced Disks 24-51 are newly produced disks of electronically reproduced material that were not contained in the Original Discovery.  In sum, all of the scanned paper discovery is found on Scan I and Scan II and all of the electronically reproduced discovery, including audio and visual discovery, is found on Original Disks 7-27 and New Disks 28-51.  An index to the scanned paper discovery, which is listed in ascending sequences of bates stamp ranges, and which provides a description of the documents that are contained in

4

that bates stamp range is enclosed herein as Exhibit A to this
letter.  An index of the electronically reproduced disks, namely
Original Disks 7-27 and New Disks 28-51, is enclosed herein as
Exhibit B to this letter.  For each of these 45 electronically
reproduced disks, Exhibit B provides a description of the
electronic, audio or visual material contained on that disk.

     Each page on Scan I and Scan II is uniquely identified
by its bates number.  The only description of paper documents
that is provided in Exhibit A, the index to paper discovery, is a
description of the documents that appear in a particular bates
stamp range.  Nonetheless, to assist in locating that bates stamp
range on Scan I and Scan II, those two disks are divided into
batches of paper documents, labeled as "Paper 1" through "Paper
15" (or, to be precise, "Paper 001," etc.) and each batch is
divided into subsets called boxes.  In particular, Paper 1 is
divided into 5 boxes, Paper 4 is divided into four boxes, etc.
So, for example, to locate bates range A1-A125, which, according
to Exhibit A consists of "Stillwater Asset Backed Fund Citibank
Statements," identify the Paper batch number and box number for
that bates range on exhibit A.  The first page, first row of
Exhibit A discloses that the bates range A1-A125 is located in
batch "Paper 1" (<u>see</u> top of first page) and in box 1 of Paper 1
(<u>see</u> the leftmost entry on the first row).  To open bates range
A1-A125, open Scan I, then open the subfolder of Scan I labeled
"Paper 1," then open the sub-subfolder of Paper 1 labeled "Box 1"
and finally open the sub-subfolder for the bates range
labeled "A1."  (Note that Scan I contains Paper 1 to Paper 7 and
Scan II contains Paper 8 to Paper 15.)

     The Original discovery and the New discovery contains
all of the Rule 16 discovery that the government has.  If
additional material which is discoverable under Rule 16 of the
Federal rules of Criminal Procedure is identified, the government
will supplement its disclosure.  The government's Rule 16
discovery is further described below by Rule 16 category.

     1.   <u>Statements of the Defendant that are Discoverable Under</u>
          <u>Federal Rules of Criminal Procedure 16(a)(1)(A) & (B)</u>

     The only recorded or written statements of the
defendants that are in the government's possession are: (1) the
consensually recorded conversations; (2) communications that were
intercepted pursuant to Court orders; and (3) emails or text
messages that were obtained pursuant to search warrants.  These
categories of items are found, respectively, at (1) New Disks 28-
34 and Original Disks 22-27; (2) New Disks 44 and 45; and (3) New

5

Disks 46-51.[3]  The government has no written statements that the
defendants made in response to interrogation by persons whom the
defendants knew to be government agents.  If the government,
during the course of this case, receives any oral statements by a
defendant which he made to persons whom he knew to be government
agents then the government will provide to that defendant any
written record it has of the substance of that statement.  The
government does not have recorded testimony before a grand jury
by any of the defendants.

    2.   <u>The Defendant's Criminal History</u>

        The government is unaware of any prior criminal history
of any of the defendants.

    3.   <u>Documents and Tangible Objects</u>

        All documents and recordings that the government
presently intends to introduce in its case-in-chief are contained
on the disks that comprise the New Discovery and the Original
Discovery, namely Scan I, Scan II, Original Disks 7-27 and New
Disks 28-51.  While the government does not believe that it has
any evidence that is material to the defendants' defense, to the
extent that it may have any such material, that material is
contained in the disks that are being produced as the New
Discovery or that were previously produced as part of the
Original Discovery.  The government does not have any material
that it obtained from the defendants or that belong to the
defendants, except to the extent that emails seized pursuant to
search warrants fall within that category.

        The court Orders authorizing the government to
intercept communications, applications for those orders and
related materials are found at Scan II, paper 14, Box 1, Bates
Ranges E1-E418 and E1529-1535.  The recordings of the intercepted
communications, along with draft transcripts, synopses and
translations of these communications are found at New Disks 44
and 45.  <u>See</u> also New Disks 43.  Additional draft translations of
intercepted communications are found at Scan II, Paper 14, Box 4,
H1-H272 and Box 5, I1-I231.  The prosecution team has not
reviewed and will not review certain of the intercepted
communications, in either recorded or transcribed form, including

---

     [3]  Be advised that New Disk 49 has at least one email that
contains a virus.  Disk 49 was produced in that form by AOL.
Make sure that your anti-virus program is up-to-date and
operational before opening the disk.

6

any communication labeled as privileged or non-pertinent.  Also, the prosecution team has not reviewed the communications that are identified by telephone number, session number and date on Exhibit C to this letter. Pen register data generated for the intercepted communications are located at New Disks 40 and 41.

Pen register orders, applications for those orders and related materials are found at Scan II, Paper 14, Box 1, E419-E719 and E1523-E1528.  The results of those pen registers are located at disk 36.

Search warrants and affidavits in support of those warrants to seize (1) the emails of Edward Grodsky, (2) the emails of Moses Neuman and Yudah Neuman and (3) the text messages of Moses Neuman are located at, respectively, (1) Scan II, Paper 14, Box 1, E720-E748, (2) Scan II, Paper 14, Box 1, E769-E852 and (3) Scan II, Paper 14, Box 1, E749-E768.  The emails to and from Edward Grodsky that were seized pursuant to the search warrant in "1," not all of which were disclosed to the prosecution team, are located at New Disks 49 and 50.  Those of these emails that were disclosed to the prosecution team are found at Scan II, Paper 12, Box 4, D49647-D49774.  The emails to and from the Neumans that were seized pursuant to the search warrant in "2," not all of which were disclosed to the prosecution team, are located at New Disks 47, 48 and 51.  Those of these emails that were disclosed to the prosecution team are located at Scan II, Paper 12, Box 3, D47233-D4748798, Box 4, D48979-D49646 and Scan II, Paper 14, Box 6, J1-J485.  The text messages to and from Moses Neuman seized pursuant to the search warrant in "3", not all of which were shown to the prosecution team, are located at Disk 46.  Those of these text messages that were disclosed to the prosecution team are located at Scan II, Paper 14, Box 4, J486.

A "sneak and peak" search warrant and materials related to it are located at Scan II, Paper 14, Box 1, E853-E1522.  The items seen when that search warrant was executed are located at Scan I, Paper 7, Box 1, B928-B932.

4.   Reports of Examinations and Tests

If the government receives any reports or results of any examinations or tests which are discoverable under Rule 16(a)(1)(F), it will provide copies to the defendants.

5.   Expert Testimony

If the government decides to present any expert testimony in its case-in-chief at trial under Federal Rules of

7

Evidence 702, 703 and 705, the government will provide a summary of that testimony.

### 6.   Brady Material and 3500 Material

The government is unaware of any exculpatory information regarding the defendants in this case.  The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963), including any information or material within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).  The government will, prior to trial, provide material under 18 U.S.C. § 3500 for the witnesses it intends to call during its case-in-chief.

### 7.   Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Federal Rule of Evidence 404(b).

### B.   The Defendant's Required Reciprocal Discovery

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.

1.  The government requests that each defendant allow inspection and copying of any books, papers, documents, photographs, tapes, tangible objects or copies or portions thereof, that are in the  custody or control of any of the defendants, and that any of the defendants intends to introduce as evidence at trial and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the possession, custody or control, of any of the defendants and that any of the defendants intends to introduce at trial or which were prepared by a witness whom any of the defendants intends to call at trial.  Rule 16(b)(1)(A), (B).

2.  The government also requests that each defendant disclose prior statements of witnesses who will be called by that defendant to testify at trial.  See Federal Rule of Criminal Procedure 26.2.

3.  The government also requests that each of the defendants disclose a written summary of testimony that that defendant intends to use as evidence at trial under Rules 702, 703 and 705

8

of the Federal Rules of Evidence.  The summary should describe
the opinions of the witnesses, the bases and reasons for the
opinions and the qualifications of the witnesses.

>   II.   The Government's Response to the Defendants' Request
>         for a Bill of Particulars

The defendants, in the BOP Letter, misapprehend the
nature and the function of a bill of particulars and the
circumstances under which a bill of particulars is required.
Without writing a brief or citing the well-settled case law, a
bill of particulars is required only where the indictment is so
general that it does not advise the defendant of the specific
criminal conduct with which he is charged.  If a defendant has
received adequate notice of the charges against him in the
indictment or in some other pretrial disclosure, then a bill of
particulars is not required.

A bill of particulars is not meant to be a tool to
compel disclosure of the government's case before trial; the
government cannot be compelled through this device to preview its
evidence or legal theory; and the government is not required, in
a bill of particulars or otherwise, to disclose the manner in
which the crimes charged are alleged to have been committed, the
means through which the government will prove the charges or the
government's theory of the case.

It is not enough that the information sought would be
helpful to the defense; if the information is not **necessary** to
inform the defendant of the charges against him then the
government need not disclose the information or any other
particulars about its case.

In this case, the indictment is very specific and
detailed, consisting of 33 pages and 19 paragraphs.  Moreover,
the papers disclosed as part of discovery, including affidavits
and other applications submitted to the court, See, e.g., Scan
II, paper 14, Box 1, E61-145, provide a very detailed narrative
description of the nature of the fraudulent scheme and the
conspiracies with which the defendants are charged.  Moreover,
while the defendants are charged in the indictment with three
very specific substantive counts of mail fraud, four very
specific substantive counts of wire fraud and four very specific
substantive counts of money laundering, the remaining two counts,
Counts One and Two, are conspiracy counts, namely a conspiracy to
commit mail and wire fraud in violation of 18 U.S.C. § 1349 and a
conspiracy to commit money laundering in violation of 18 U.S.C. §
1956(h).  These conspiracy counts, like all Section 1349 and

9

Section 1956(h) conspiracy counts, are completely specified and
defined by explaining the nature of the agreements into which the
defendants entered.  Section 1349 and 1956(h) conspiracies are
not defined by the specific fraudulent or money laundering acts
that the defendants actually committed pursuant to the
conspiracies into which they entered and which the government
will use to prove that the defendants entered into these
conspiracies.  Substantive fraudulent and money laundering acts
are not elements of Section 1349 and 1956(h) crimes.

        The nature of the criminal agreements with which the
defendants are charged is fully and sufficiently set forth in the
indictment.  The nature of the criminal agreements into which the
defendants entered is discussed in even more detail, complete
with evidentiary support, in the discovery materials with which
the defendants are being supplied.  The conspiracies with which
the defendants are charged, although specifically defined, are
broad.

        The government has not prosecuted the defendants, as it
could have done, in an indictment with a single count charging
the defendants with multiple substantive (but unspecified) acts
of fraud or money laundering over a period of years.  Instead,
the defendants are charged with entering into broad conspiracies
to commit fraud and to commit money laundering.  Those broad
conspiracies are not limited to any specific life insurance
policies, insureds or financial transactions.  While the
government will prove that the defendants entered into the
charged criminal agreements (and devised the charged fraudulent
schemes) by introducing, among other evidence, evidence of the
substantive acts of fraud and the substantive acts of money
laundering that the defendants committed in furtherance of the
criminal conspiracies with which the defendants are charged,
these substantive crimes are not elements of the conspiracies at
all.  The only element of either conspiracy count is the criminal
agreement itself.  The defendants are not entitled, in a bill of
particulars, to a preview of the evidence through which the
government will prove the existence of the illegal agreements.

        In light of the above considerations and the enormous
narrative detail about the conspiracies and schemes with which
the defendants are being provided in discovery, the government
believes that the defendants are not entitled to any bill of
particulars.  Without waiving that general response, the
government will provide the defendants with some of the details
that the defendants seek in the BOP letter, which the government
views as evidentiary details.

10

The government is aware that the defendants, in committing substantive frauds and substantive money laundering crimes - - crimes with which the defendants are <u>not</u> charged, save for the very few substantive crimes of mail fraud, wire fraud and money laundering set forth in Counts Three through Thirteen of the indictment - - made use of life insurance policies.  These life insurance policies: (a) were submitted by the general agencies listed on Exhibit D; (b) identified the insurance agents as being one of the agents listed on Exhibit E; and (c) insured the lives of the Straw Buyers listed on Exhibit F.  This response provides the defendants with some of the information they seek in BOP Letter, Requests 1, 2 and 4.  Notwithstanding this response, the government can introduce evidence at trial of any substantive frauds or money laundering crimes that the defendants committed as a result of the conspiracies with which the defendants are charged, even if the government did not specify these substantive crimes in a bill of particulars, because the criminal agreements with which the defendants are charged do not require the defendants to have committed any substantive frauds or money laundering acts.  The conspiracies with which the defendants are charged are not limited to any specific insurance policies.

With respect to BOP Request 3, the defendants conspired and schemed to tell, during the contestability periods of any policies they succeeded in obtaining, any false statements that would be necessary to prevent their fraud from being discovered. This was not limited solely to particular additional false statements.  Further, we reiterate, the conspiracies and schemes were not limited to specific insurance policies or financial transactions.  With respect to BOP Request 9, in paragraphs 25 and 27 of the indictment, Company A is ING, Company B is Lincoln National, Company C is Union Central, Company D is the Rocklyn Group, Straw Buyer A is Arnold Cohen and Straw Buyer B is Lotte Schmerzler.

With respect to BOP Request 7, a defendant is not generally entitled to the identities of unindicted coconspirators and the defendants here are not entitled to the identities of the unindicted coconspirators.  Without waiving that response, the government states that the persons listed on Exhibits E and F may be part of the conspiracy.

With respect to BOP Requests 8 and 9, the property of the insurance companies included money, funds and the obligations to which the insurance companies committed themselves when they issued life insurance policies that they would not have issued if they had known the truth about the matters which the defendants conspired to conceal.

11

With respect to BOP Request 5, the government cannot identify all of the other third party investors. Moreover, the conspiracies and schemes with which the defendants are charged are not limited to any particular third party investors. With respect to BOP request 10, as stated in paragraph 29 of the indictment, for each of the four financial transactions identified in that paragraph, the defendants are charged with engaging in that transactions both with the intent to promote specified unlawful activity and with the intent to conceal and disguise the nature, source, location, ownership and control of the proceeds of specified unlawful activity. Each of the defendants is charged with engaging in those transactions. The defendant is not entitled to the government's theory under which each defendant is criminally liable or to the evidence the government will submit to prove that each defendant is criminally liable. As to BOP Request 11, the defendants are placed on notice in the indictment of the amount of money the government will seek in criminal forfeiture, but the government is not required to set forth in a bill of particulars its theory or its computations as to how forfeiture adds up to the amount specified in the indictment.

The government provides the foregoing information without in any way limiting the specific policies or the specific financial transactions of which the government will submit evidence at trial in order to prove the broad conspiracies and schemes with which the defendants are charged. The government reserves the right to amend or add to the foregoing responses in the future. The government is providing to the defendants, through discovery, all life insurance policies and bank records that it has obtained.

If you have any questions or further requests, please contact me.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  ss/_____
Charles S. Kleinberg
Assistant U.S. Attorney
(718) 254-6012

cc: Clerk of the Court (SJ)
    (without enclosure)