UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,              :

    v.                                    :      Hon. Sterling Johnson, Jr.
                                                 11-cr-134 (SJ)
CHAIM LEBOVITS, ET AL.,                :

        Defendants.                  :
----------------------------------------X

## DEFENDANT CHAIM LEBOVITS' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS

      Defendant Chaim Lebovits respectfully moves, pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the government to provide him with a bill of particulars. Absent these particulars, the charges are not sufficiently precise to allow Mr. Lebovits to prepare for trial. In addition, Mr. Lebovits joins the motions filed by the other defendants in this case.

**A.**   **Introduction**

      The Court is receiving various defense motions in this matter that fully set forth the nature of the crimes charged, and it is unnecessary to repeat the allegations here. In brief, the Indictment charges Mr. Lebovits and six others in a broad, three-year scheme to commit mail fraud, wire fraud, and money laundering, and in conspiracies to commit the same offenses. The gravamen of the fraud charges is that defendants made false statements to insurance companies to obtain life insurance policies for elderly insureds that either would not have been issued or carried inflated death benefits. The gravamen of the money laundering charges is that defendants engaged in financial transactions to hide from the insurance companies the fact that investors (and not the insureds themselves) were paying the premiums on the policies.

On March 23, 2011, counsel for Mr. Lebovits wrote to the government seeking particulars with respect to a number of allegations in the Indictment. The request is attached as Exhibit A to the Affirmation of Nathaniel Z. Marmur, dated October 14, 2011. On May 11, 2011, the government responded. The response (with relevant exhibits) is attached as Exhibit B to the Marmur Affirmation. Although purporting to offer particulars, the government simply underscored just how broadly the Indictment sweeps, and indeed sought to <u>expand</u> the Indictment's already wide-ranging allegations. <u>See, e.g.</u>, Gov't Letter at 9 ("the defendants are charged with entering into broad conspiracies to commit fraud and to commit money laundering [and] these broad conspiracies are not limited to any specific life insurance policies, insureds or financial transactions"); at 10 (claiming that defendants were charged with only "very few" of the "substantive crimes" they committed, and that, "[n]otwithstanding" the few particulars offered, "the government can introduce evidence at trial of <u>any</u> substantive frauds or money laundering crimes that the defendants committed")(emphasis added).

The need for particulars is amplified by the volume of discovery the government has produced. As the Court is aware, the government's long investigation employed cooperating witnesses, wiretaps, and subpoenas for volumes of documents. The virtual "document dump" that the government provided to the defense in the form of discovery -- concerning innumerable insurance policies and transactions -- only obscures the specific unlawful acts the government will seek to prove at trial.

It bears emphasizing that Mr. Lebovits is not looking to obtain evidentiary details about the allegations in the Indictment. Rather, he seeks reasonably limited information to allow him to prepare adequately for what promises to be a complex trial. Specifically, he asks the

Court to direct the government to respond to the following two requests for particulars that were included in his earlier letter request:

> (2) With respect to Paragraph 13 of the Indictment, please identify, as to each application: the Insurance Company that received the application, the date of the application, the person who submitted it, the specific false statement contained therein, and the named insured. Also, please provide the basis for the conclusion that the false statements "induced the Insurance Companies to issue the policies and to charge lower premiums than would otherwise apply."
>
> (3) With respect to Paragraph 14 of the Indictment, please identify the "additional material false statements" made to the Insurance Companies as well as who made those statements. Also, please identify the transfers of money that the government will rely upon at trial, including the bank accounts used to effect the transfers.

As can be seen, these basic questions go to the heart of the government's fraud allegations. It is undeniable that, to prepare for trial, a defendant facing the type of charges made here should be told what false statements he allegedly uttered and in which insurance applications they appeared.

B. **The Standard for Requiring a Bill of Particulars**

A bill of particulars allows a criminal defendant to identify with sufficient particularity the nature of the charges pending against him, thereby enabling him to prepare for trial, to prevent surprise and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963). The decision whether to grant a bill of particulars rests within the sound discretion of the district court. United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984). A bill of particulars is required, however, "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which

3

he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)(quoting United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990)).

Notably, the government does not discharge its obligation to provide fair notice of the charges "merely by providing mountains of documents." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); see also United States v. Davidoff, 845 F.2d 1151, 1155 (2d Cir. 1988)(production of voluminous discovery materials is not "an adequate substitute for a straightforward identification in a bill of particulars of identity of victims of offenses that the prosecution intends to prove"); United States v. Nachamie, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000)(in prosecution for Medicare fraud, finding government's production of 200,000 pages of documents concerning 2000 Medicare claims insufficient where indictment failed to specify which Medicare claims were false and in what way they were false).

C.     **Particulars Related to the Mail and Wire Fraud Scheme**

The mail and wire fraud schemes here are based on allegations that, "between January 2007 and May 2010," the six named defendants and others "engaged in a scheme designed to fraudulently induce insurance companies . . . to issue policies with high death benefits to elderly insureds." Ind. ¶12. The Indictment continues: "[i]n furtherance of this scheme, the defendants caused the submission of applications with material false statements to the Insurance Companies." Id. ¶13. The Indictment generally alleges that the "false statements" in the application were (1) the insureds' net worth and incomes; (2) that the policies were not intended to be resold on the secondary market; (3) that the insureds and the owners intended to pay the premiums themselves; (4) that neither the insureds nor the owners were being compensated for applying for the policies; (5) that the policies were not obtained or being held for investors; and (6) that the purpose of the policies was for "estate planning" or the like. Id.

The defendants are also alleged to have "made and caused to be made additional material false statements to the Insurance Companies, including statements that they were not aware that investors paid premiums on any of the said policies." Id. ¶14.

The Indictment, however, fails to identify any specific insurance application that was submitted during the alleged three-year scheme, much less identify any particular false statement that was made. Count One, which charges Conspiracy to Commit Mail and Wire Fraud, essentially tracks than the statutory language of the offense. Id. ¶¶20-21. Counts Three through Nine, which charge substantive Mail and Wire Fraud offenses, reference discrete mailings or wires, but do not reveal any purportedly false statement. To the contrary, the three mail fraud counts refer to the mailings of checks, which perforce are not false statements. And the three wire fraud counts refer to a "wire transfer," an "Email . . . concerning Straw Buyer B," and an "Email . . . enclosing copies of premium payments and receipts concerning an insurance policy." In other words, although the essence of the fraud charges is that defendants misled the insurance companies into issuing policies (or inflated policies), not once does the Indictment specify a falsity the government will seek to prove at trial.

Moreover, because defendants were in the life insurance business, they were involved in submitting literally thousands of applications for policies. Many of these are contained in, or referenced by, documents provided in discovery, but the government does not indicate which it will rely on at trial. Nor does discovery shed light on what statements the government will seek to prove were false.

For these reasons, Mr. Lebovits asked the government to identify the allegedly fraudulent insurance applications -- and the false statements they allegedly contain -- that are at the core of the fraud schemes. Rather than provide this basic information, however, the

government merely directed us to Exhibits D, E, and F attached to its May 11, 2011 Letter. These are, respectively, a list of 15 insurance agencies; a list of 21 individual insurance agents; and a list of 30 insureds. None of these agencies, agents or insureds is linked to one another, much less to any specific insurance application, policy, or statement. To the contrary, the government disclaims that it is bound even by this amorphous "disclosure." See, e.g., Gov't Letter at 10 (stating that government may introduce evidence "of any substantive frauds . . . that the defendants committed as a result of the conspiracies . . . even if the government did not specify these substantive crimes in a bill of particulars . . . [since] [t]he conspiracies . . . are not limited to any specific insurance policies."[1]

The government's refusal to identify the allegedly false applications and statements runs directly counter to the law in this Circuit. Indeed, "[c]ourts consistently order the filing of particulars directed to the details of misrepresentations or fraudulent acts." United States v. Lino, 2001 WL 8356, at *7 (S.D.N.Y. Jan. 2, 2001). In the leading case of United States v. Bortnovksy, 820 F.2d 572 (2d Cir. 1987), the defendants were convicted of fraud charges relating to false claims for burglary losses. The Second Circuit reversed, finding that the district court's failure to order a bill of particulars hindered the defendants' preparation for trial. Notably, the court emphasized that while the indictment contained a list of "suspect pieces of mail along with their approximate dates of mailing and addresses," nowhere did the government "specify the dates of the staged burglaries or enumerate which of the numerous documents were

---

[1]  The government may believe that hedging its bets in this manner will allow it breathing room at trial, but the law condemns this open-ended language as contrary to fundamental precepts of fair notice. See United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988)(reversing extortion convictions where indictment alleged that offenses "included but were not limited to" the four extortion counts in indictment, since it was "simply unrealistic to think that a defendant preparing to meet charges of extorting funds from one company had a fair opportunity to defend against allegations of extortions against unrelated companies, allegations not made prior to trial").

falsified." Id. at 574. Moreover, the government did not fulfill its obligation to provide adequate notice by producing 4000 documents to defense counsel during discovery, since the government still left the "key events" impermissibly "shrouded in mystery at the commencement of and throughout trial." Id. at 575.[2]

Earlier this year, this Court granted a defendant's similar request for a bill of particulars. In United States v. Shteyman, 2011 WL 2006291 (E.D.N.Y. May 23, 2011)(Johnson, J.), defendant Gershkovitz was charged with allowing a physical therapy and diagnostic testing provider fraudulently to bill Medicare under his name and with recruiting others to join in the scheme. He sought, by way of a motion to compel a bill of particulars, "an explanation of how the treatment ran afoul of the law -- i.e., whether treatment was not medically necessary or not rendered at all" and greater specificity as to "how the concomitant medical treatment he received . . . as a beneficiary ran afoul of the law." Id. at *5. In granting the requests, this Court noted that they "essentially demand greater specificity concerning how the claims Gershkovich may be held criminally responsible for were fraudulent." Id. at *6. Because the indictment pled that the claims were fraudulent in that they were for medical treatment that was not provided and that was unnecessary, it failed to apprise the defendant "with specific precision as to enable him to prepare a defense and avoid unfair surprise at trial." Id.

This Court's decision in United States v. Mermelstein, 457 F. Supp. 2d 242 (E.D.N.Y. 2007)(Johnson, J.), is also instructive. There, the Court refused to grant a motion to

---

[2] See also United States v. Reddy, 190 F. Supp. 2d 558, 569 (S.D.N.Y. 2002)(directing government to particularize "the fraudulent claims" submitted to two states to recover escheated funds); Nachamie, 91 F. Supp. 2d at 574 (granting demand for bill of particulars identifying all false and misleading claims allegedly filed as part conspiracy to commit Medicare fraud); United States v. Trie, 21 F. Supp. 2d 7, 21-22 (D.D.C. 1998)("The government must provide information as to exactly what the false statements are, what about them is false, who made them, and how [defendant] caused them to be made.").

compel because the government -- represented by the same prosecutor in charge of the instant case -- had already provided "detailed bills of particulars." Id. at 249. Those bills "set forth the allegedly fraudulent claims [the government] intend[ed] to prove at trial by patient name and indicated the health care benefit program to which the claim was submitted, the dates of submission and payment, the diagnostic code, and whether the submission was fraudulent because the services described were not performed, not medically necessary, or over billed." Id. Moreover, the government had provided a "False Statements" chart that "detailed the false statements it alleges the defendant made in his charts by patient name." Id. That chart included "the date on the [doctor's] chart, the statement alleged to be false, and, in some cases, whether the chart was 'altered or re-written' and to whom the chart was submitted." Id.

Like the defendants in the above cases, Mr. Lebovits is entitled to "greater specificity concerning how [the insurance applications] he may be held criminally responsible for were fraudulent." Shteyman, 2011 WL 2006291 at *6. Although the government provided extensive details regarding the fraud in Mermelstein, here it refuses to illuminate even the most basic details of the similar crimes alleged. This Court should not countenance a trial by surprise, and therefore it should order the Government to comply with Mr. Lebovits' requests for a bill of particulars numbered (2) and (3).

D.   **Conclusion**

Mr. Lebovits respectfully asks that the Court grant his motion for a bill of particulars, and he joins in the motions filed by the other defendants in this matter.

Dated: New York, New York
October 14, 2011

STILLMAN & FRIEDMAN, P.C.

By _____
Nathaniel Z. Marmur, Esq.
425 Park Avenue
New York, New York 10022
(212) 223-0200

ZUCKERMAN SPAEDER LLP

By _____
Paul Shechtman, Esq.
1540 Broadway, Suite 1604
New York, New York  10036-4039
(212) 704-9600

Attorneys for Defendant Chaim Lebovits

TO:   AUSA Charles Kleinberg (by ECF)
All Defense Counsel (by ECF)