

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PWB
F. #2009R01998

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 9, 2018

By ECF and Email

The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    United States v. Chaim M. Lebovits
                  Criminal Docket No. 11-134 (SJ)

Dear Judge Johnson:

      The government respectfully submits this opposition to defendant Chaim Lebovits' application for early termination of supervised release. See Docket No. 349. For the reasons set forth below, the Court should deny the defendant's motion.

I.    Background

      On September 8, 2014, the defendant pled guilty before Your Honor to count one of a thirteen-count indictment, which charged him with conspiracy to commit mail fraud. On April 13, 2015, Your Honor sentenced the defendant to a custodial sentence of twelve months and one day, to be followed by three-year term of supervised release. See Docket No. 302. The defendant was released from the custody of the Bureau of Prisons on or about May 13, 2016. Thus, to date, the defendant has served just approximately half of his three-year term of supervised release, with approximately 18 months remaining. The defendant has apparently complied with all of the conditions of his release.

      According to the defendant's application, the Probation Department does not oppose the defendant's request. Nevertheless, the Court should deny the defendant's application for the reasons set forth below.

The Honorable Sterling Johnson, Jr.
January 9, 2018
Page 2

II.      The Application For Early Termination Of Supervised Release Should Be Denied

      A.      Applicable Law

In general, a sentence to supervised release is to a term of community supervision following a period of imprisonment. See 18 U.S.C. § 3624(e); see also United States v. Reyes, 283 F.3d 446, 456 n.2 (2nd Cir. 2002). Supervised release is not a form of early release from prison; it is a separate sentence imposed together with a sentence of imprisonment. 18 U.S.C. § 3583; Reyes, 283 F.3d at 456. The purposes of supervised release are to "fulfill[ ] rehabilitative ends distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

Under 18 U.S.C. § 3583(e), a Court may modify a term of supervised release if, after expiration of at least one year of supervision, "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Early termination of supervised release – which is a revision of a previously-imposed sentence – is reserved for exceptional circumstances. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."); Karacsonyi v. United States, 152 F.3d 918, 1998 WL 401273, at *1 (2d Cir. 1998) (unpublished) ("[E]arly termination of supervised release . . . is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior.").

Mere compliance with the terms of release "does not qualify" one for such a remedy. United States v. Katz, 2008 WL 4699832, at *2 (S.D.N.Y. Oct. 23, 2008). Rather, because "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release," early termination is not warranted on the basis of compliance alone. United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (flawless prison record and compliance with the terms of supervision are "commendable" but do not constitute the "exceptionable behavior" contemplated to warrant early termination); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that while the defendant's post-incarceration conduct appeared unblemished "this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"); United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) ("[O]ngoing and full compliance with all conditions of supervised release . . . is what is required of all criminal defendants and is not a basis for early termination of his supervised release.").

The Honorable Sterling Johnson, Jr.
January 9, 2018
Page 3

      B.      Discussion

The defendant does not meet the legal standard for early termination of supervision. As a threshold matter, the defendant's compliance with supervised release, while commendable, does not constitute the "exceptional behavior" contemplated to warrant early termination. McKay, 352 F.Supp.2d at 361. The fact that the defendant appears to be on the right track does not provide a reason to terminate the supervision that helps to ensure that he remains on the right track.

The defendant also argues that early termination of supervised release is proper because he has paid the special assessment, fine and restitution ordered by the Court. These facts suggest that the defendant is working to turn his life around and that the supervision imposed by the Court is working. Nevertheless, these facts do not meet the high legal standard required to justify early termination of supervised release. See id. That is particularly so given that the defendant has only served slightly approximately one-half of the term of supervision that the Court imposed.

Finally, the defendant argues that early termination of supervision would assist in running his business because it would allow for greater flexibility in travel. However, the government is unaware of any instances where the Court has denied the defendant the ability to travel as needed for business purposes. As such, this is not a compelling reason to terminate the defendant's supervision.

III.      Conclusion

For the foregoing reasons, the Court should deny the defendant's motion for early termination of supervised release.

      Respectfully submitted,

      RICHARD P. DONOGHUE
      United States Attorney

By:    /s/ Peter W. Baldwin
         Peter W. Baldwin
         Assistant U.S. Attorney
         (718) 254-6236

cc:    Nathanial Marmur, Esq. (by ECF and Email)
       Probation Department